IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REMELUS RA'MON RANKIN**                                                         **PETITIONER**

v.                                                                    CIVIL NO. 1:23-cv-209-HSO-BWR

**UNKNOWN DEFENDANT**                                                    **RESPONDENT**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I.   BACKGROUND

Pro se Petitioner Remelus Ra'mon Rankin ("Petitioner") was incarcerated in the Plaquemines Parish Detention Center in Davant, Louisiana, when he filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pet. [1] at 1. Petitioner's habeas relates to a "hold" by the United States Marshal for charges that Petitioner claims have been "dropped." *Id*. at 1–2. Petitioner asserts that the United States Marshal will not release him because of this "hold." *Id*. at 2.

On November 29, 2023, the Court entered an Order [4] denying Petitioner's Motion for Leave to Proceed *In Forma Pauperis*. That Order [4] directed Petitioner to pay the $5.00 filing fee within 30 days from the entry of the Order [4] of November 29, 2023. The Order [4] warned Petitioner that his failure to pay the $5.00 filing fee or failure to advise the Court of a change of address may result in

this case being dismissed.  Order [4] at 2.  That Order [4] was mailed to Petitioner at his last known address and has not been returned as undeliverable.  Petitioner did not comply.

On January 12, 2024, the Magistrate Judge entered an Order to Show Cause [5] which required that, on or before January 29, 2024, Petitioner:  (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [4]; and (2) comply with the Court's previous Order [4] by paying the $5.00 filing fee.  Order to Show Cause [5] at 1.  Petitioner was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any Order of the Court . . . may result in this cause being dismissed . . . ."  *Id*. at 2.  The Order to Show Cause [5] was mailed to Petitioner at his last known address and has not been returned as undeliverable.  Petitioner did not respond to the Order to Show Cause [5].

Since Petitioner is proceeding pro se and out of an abundance of caution, he was provided a final opportunity to comply with the Court's Orders [4], [5].  On February 14, 2024, the Magistrate Judge entered a Second and Final Order to Show Cause [6] which required that, on or before February 29, 2024, Petitioner: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [4], [5]; and (2) comply with the Court's previous Orders [4], [5] by paying the $5.00 filing fee.  Second and Final Order to Show Cause [6] at 2.  That Order [6] warned

2

Petitioner "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . *will result* in this cause being dismissed without prejudice and *without further notice* to Petitioner." *Id.* at 2–3. (emphasis in original). That Second and Final Order to Show Cause [6] was also mailed to Petitioner at his last known address and has not been returned as undeliverable. Petitioner did not respond to the Second and Final Order to Show Cause [6] and he has not paid the $5.00 filing fee. The last action he has taken in this case was on September 25, 2023, when he filed his Motion for Leave to Proceed *In Forma Pauperis*. *See* Mot. [3] at 1–2.

## II.   DISCUSSION

The Court has the authority to dismiss an action for a petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions. *See Davis v. Gordon*, 75 F. App'x 261 (5th Cir. 2003) (affirming sua sponte dismissal of pro se petitioner's habeas petition for failure to pay the filing fee); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (affirming dismissal of pro se petitioner's habeas petition under Rule 41 (b) when the petitioner did not comply with a court order).

3

The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."  *Link,* 370 U.S. at 630–31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629–30.

Petitioner did not comply with three Court Orders and was warned in each one that failure to comply would result in the dismissal of his lawsuit.  *See* Second and Final Order to Show Cause [6] at 2–3; Order to Show Cause [5] at 2; Order [4] at 2.  Despite these warnings, Petitioner has not contacted the Court or taken any action in the case since September 25, 2023, when he filed his Motion for Leave to Proceed *In Forma Pauperis* [3].  Nor has he paid the requisite filing fee.  Such inaction represents a clear record of delay or contumacious conduct, and it is apparent that Petitioner no longer wishes to pursue this case.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile.  *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005).  Dismissal without prejudice is warranted.

4

III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 14th day of March, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE